IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**COURTNEY COETZEE**,
individually and on behalf of
all those similarly situated,

                Plaintiff,

    v.

**SHELL LAKE HEALTH CARE CENTER LLC**,
410 Luella St.
Watkins, MN 55389-1012

                Defendant.

Case No. 21-cv-337

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Courtney Coetzee ("Plaintiff"), on her own behalf and on behalf of the proposed classes identified below. During the three years preceding this lawsuit, Plaintiff and the putative class members were employed by Defendant, Shell Lake Health Care Center LLC ("Shell Lake"). Plaintiff and the putative class members provided care to the Shell Lake residents. Shell Lake required Plaintiff and the putative class members to remain on the premises during their unpaid 30-minute meal breaks. Under Wisconsin law, if employees are not permitted to leave the premises during a meal break, that break is considered "on-duty" and is compensable working time. As a result of Shell Lake's unlawful policy, Plaintiff and the putative

class members were regularly denied their regular and overtime wages. Plaintiff, on behalf of herself and the putative classes, alleges that this conduct is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109, *et seq.*

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district.

## PARTIES

4. Plaintiff Courtney Coetzee is an adult resident of Hertel, Wisconsin. Plaintiff was employed as a certified nursing assistant ("CNA") by Defendant within the past three years. Plaintiff's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

5. Defendant, Shell Lake Health Care Center LLC, is a domestic limited liability company with its principal office at 410 Luella St. Watkins, Minnesota. Defendant's registered agent for service is Fred William Struzyk, 802 E. County Highway B, Shell Lake, Wisconsin 54871.

6. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and Wis. Stats. §§ 103.001(6) and 109.01(2).

7. At all times material to this Complaint, Defendant has been an enterprise that is engaged in the operation of an institution primarily engaged in the care of the sick and/or the aged who reside on its premises.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant in its Shell Lake, WI facility as a CNA within the three-year period preceding the filing of this lawsuit.

9. Residents live on the second floor of Defendant's Shell Lake, WI facility, where Plaintiff and the putative class members, including other CNAs, dietary aides, and housekeeping employees, performed their work. Employees in the "business office" worked on the first floor of the Shell Lake facility.

10. Plaintiff and members of the putative classes were required to clock out for an unpaid 30-minute meal break during their shifts.

11. Defendant had a policy prohibiting Plaintiff and members of the putative classes from leaving the building during their shifts, including during their unpaid meal break periods.

12. Defendant posted signs above the time clock and on the break room door stating as follows:

> All Staff:
>
> Once you have arrived for your shift and been screened, you must remain in the building for the entire shift.

> Take breaks in the break room, or the smoke shack.
>
> Do not go back to the parking lot until you are leaving for the day.

13. Upon information and belief, this policy affected all employees of Defendant except for those employed in the business office.

14. As a result of this policy, Plaintiff and the putative class members were not permitted to leave Defendant's premises for their unpaid 30-minute meal breaks.

15. Wisconsin Administrative Code § DWD 272.04(1)(c) provides that an employer must pay all employees for "on-duty" meal periods and that any meal period where the employee is not free to leave the premises of the employer is considered an "on-duty" meal period.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Shell Lake Health Care Center in Shell Lake, WI who were not permitted to leave the premises for unpaid meal breaks and therefore denied overtime wages at any time three years prior to the commencement of this lawsuit to the present.

17. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Unpaid Wage Class** is defined as:

4

> All persons who have been or are currently employed by Shell Lake Health Care Center and who were not permitted to leave the premises for unpaid meal breaks and therefore denied regular and/or overtime wages at any time two years prior to the commencement of this lawsuit to the present.

18. Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the **Wisconsin Unpaid Wage Class**, as defined in paragraph 17, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

19. The persons in the Wisconsin Unpaid Wage Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed between 20-40 employees who satisfy the definition of the class.

20. There are questions of law and fact common to the Wisconsin Unpaid Wage Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

   a. Whether Defendant had a common policy of requiring Plaintiff and members of the putative class to remain on the premises during unpaid meal breaks;

   b. Whether Defendant failed to compensate Plaintiff and members of the putative class for on-duty meal periods within the meaning of Wisconsin Administrative Code § DWD 272.04;

   c. Whether Defendant failed to pay wages to Plaintiff and members of the putative class in violation and within the meaning of Wis. Stat. § 109.03;

   d. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

    e. Whether Defendant's conduct was dilatory or otherwise unjust; and

    f. The proper measure of damages sustained by Plaintiff and members of the putative class.

  21. Plaintiff's claims are typical of those of the Wisconsin Unpaid Wage Class. Plaintiff, like other putative members of the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policies and practices of denying pay for on-duty meal periods, resulting in a wage loss.

  22. Plaintiff will fairly and adequately protect the interests of the putative Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

  23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant and where individual plaintiffs may have relatively small claims.

  24. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy denied the Wisconsin Unpaid Wage Class wages for work performed to which they are entitled. The damages suffered by the individual

members of these classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policy in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

25. Plaintiff intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

27. Plaintiff and the members of the Collective Class are "employees" of Shell Lake Health Care Center, LLC within the meaning of 29 U.S.C. § 203(e).

28. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

29. During the applicable statute of limitations, Plaintiff and the members of the Collective Class typically worked a full-time schedule, meaning they were scheduled for 40 hours of work per workweek excluding meal breaks.

30. During the applicable statute of limitations, Plaintiff and the members of the Collective Class performed work in excess of 40 hours per workweek but were

not paid one-and-one-half times their regular rate of pay for all overtime hours worked because Defendant failed to pay Plaintiff and the members of the Collective Class for on-duty meal breaks.

31. These practices violate the FLSA, including but not limited to 29 U.S.C. § 207. Because of these violations, Plaintiff and the members of the Collective Class have suffered a wage loss.

32. Upon information and belief, Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the members of the Collective Class overtime wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY WAGES FOR ON-DUTY MEAL PERIODS IN VIOLATION OF WISCONSIN LAW

33. Plaintiff, individually and on behalf of the Wisconsin Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

34. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stats. §§ 103.001(6) and 109.01(2).

35. At all relevant times, Plaintiff and members of the putative Wisconsin Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stats. §§ 103.001(5) and 109.01(1r).

36. Wis. Admin. Code § DWD 272.04(1)(c) requires employers to pay employees for "on-duty" meal periods, including periods when employees are not permitted to leave the premises.

37. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation at one-and-one-half times the regular rate of pay to all non-exempt employees for hours worked in excess of 40 in a workweek.

38. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

39. Within the two-year period preceding the filing of this Complaint, Defendant had a policy of requiring Plaintiff and the putative Wisconsin Unpaid Wage Class members of remaining on the premises during their meal breaks.

40. Plaintiff and the putative Wisconsin Unpaid Wage Class members were not compensated during the 30-minute meal breaks, during which they were required to remain on Defendant's premises.

41. This policy resulted in Defendant failing and refusing to pay Plaintiff and members of the Wisconsin Off the Clock Class all regular wages due under Wis. Stat. § 109.03, and all overtime wages due under Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03.

42. The foregoing conduct, as alleged, violates Wis. Stats. §§ 103.03 and 109.03, and Wis. Admin. Code §§ DWD 272.04(1)(c) and 274.03.

43. As a result of Defendant's failure to pay all wages earned and due to Plaintiff and members of the putative Wisconsin Off the Clock Class, Defendant has violated, and continues to violate, Wis. Stats. §§ 103.02 and 109.03, and Wis. Admin. Code § DWD 274.03.

44. Upon information and belief, Defendant's failure to pay Plaintiff and the members of the putative Wisconsin Unpaid Wage Class all earned wages was dilatory and unjust.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and on behalf of all members of the Collective Class and the Wisconsin Unpaid Wage Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Courtney Coetzee as the Named Plaintiff and as representative of the Wisconsin Unpaid Wage Class;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Defendant in the amount equal to the Named Plaintiff's and the Collective Class and Wisconsin Unpaid Wage Class's unpaid back wages;

H.  An award in the amount of all liquidated damages and penalties as provided under Wis. Stat. § 109.11 and 29 U.S.C. § 216(b);

I.  An award of reasonable attorney's fees and costs under Wis. Stat. § 109.03(6) and 29 U.S.C. § 216(b); and

J.  Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all questions of fact and law raised by her complaint.

Dated this 20th day of May, 2021.

> **HAWKS QUINDEL, S.C.**
> *Attorneys for the Plaintiff*
>
> By: */s/David C. Zoeller*
> David C. Zoeller, State Bar No. 1052017
> Email: dzoeller@hq-law.com
> Caitlin M. Madden, State Bar No. 1089238
> Email: cmadden@hq-law.com
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236