## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Shell Lake Health Care Center LLC and Premier Healthcare Management of Shell Lake LLC ("Defendants") and Courtney Coetzee (the "Class Representative" or the "Plaintiff"), for herself and on behalf of a class and collective class of all similarly-situated employees, in the case of *Coetzee v. Shell Lake Health Care LLC et al.*, No. 21-cv-337, filed in the United States District Court for the Western District of Wisconsin (the "Lawsuit").

## RECITALS

WHEREAS, Class Representative filed a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Wisconsin wage payment and overtime laws, Wis. Stats. §§ 103, 104, 109, *et seq.*, as a class and collective action to recover unpaid wages against Defendant Shell Lake Health Care Center LLC on May 20, 2021 (dkt. 1);

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on June 23, 2021 (dkt. 5);

WHEREAS, Plaintiff amended her complaint to add Defendant Premier Healthcare Management of Shell Lake LLC on September 23, 2021 (dkt. 11);

WHEREAS, Class Representative is represented in the Lawsuit by the law firm of Hawks Quindel, S.C. ("Class Counsel");

WHEREAS, Plaintiff moved for Conditional Class Certification on October 22, 2021 (dkt. 24) and Defendants opposed said motion (dkt. 30) and the Court has not issued an order on Plaintiff's motion;

WHEREAS, Class Counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and has likewise investigated the law regarding the claims against Defendants and asserted defenses. The Class Representative recognizes the risk and expense associated with a trial of her claims and any further appeals that may follow, and the uncertainty inherent in complex litigation, and has concluded that the settlement set forth in this Agreement is in her best interest and the best interest of the Classes and, ultimately, judicial economy.

WHEREAS, Defendants deny that they are liable to the Class Representative or the Classes and deny that their actions violated the FLSA or Wisconsin wage and hour laws. Defendants' counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and likewise investigated the law regarding the claims against Defendants and the asserted defenses. Defendants are willing to enter into this Agreement to avoid the further expense, uncertainty, and inconvenience of litigation, and have concluded that it is in its best interest to resolve and settle all claims which have been made, or could be made, against them by the Classes arising out of the matters alleged in the Complaint and Defendants' alleged violations of the FLSA and Wisconsin wage and hour laws.

WHEREAS, the parties have agreed to settle this case as to the FLSA collective and Rule 23 Classes (collectively "Class Members"), as identified in **Exhibit A** to this Agreement;

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

1.    **EFFECTIVE DATE**.  The "Effective Date" of this Agreement shall be the date of the entry of the Final Order if no objections to the settlement are made by the time of the Fairness Hearing ("Effective Date"). If valid objections, as provided herein, to this Agreement have been made by the time of the Fairness Hearing, the Effective Date shall be the later of: (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom, have been finally disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change. The parties waive their rights to appeal from any Final Order approving this Agreement. If no objections to this Agreement have been made by the time of the Fairness Hearing, all payments under this Agreement shall be due within thirty (30) days of the applicable Effective Date as set forth herein.

2.   **CLASS DEFINITIONS**.   For purposes of this settlement only, the parties agree to the Court's certification of the following Classes under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b):

  a.  **FLSA Collective Class**: All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility who were not permitted to leave the premises for unpaid meal breaks and therefore denied overtime wages at any time between March 1, 2020 and August 28, 2021.

  b.  **Wisconsin Unpaid Wage Class**: All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility and who were not permitted to leave the premises for unpaid meal breaks and therefore denied regular and/or overtime wages at any time between March 1, 2020 and August 28, 2021.

For purposes of this Agreement, the putative members of the FLSA Collective Class and Wisconsin Unpaid Wage Class shall include only the individuals named in **Exhibit A** of this Agreement. The "Final Classes" will consist of the members of FLSA Collective Class and Wisconsin Unpaid Wage Class but will not include those individuals who opt out of the Agreement under Wisconsin law and who also fail to consent to opt in to this Agreement under the FLSA, as provided herein.

Upon execution of this Agreement, the parties will jointly request that the Court preliminarily find that this Agreement is fair to all Class Members and approve the class notice ("Class Notice" or "Notice") attached as **Exhibit B** to this Agreement to be sent to the Classes via first-class U.S. mail.

3. **CONSIDERATION**.  In consideration for the Final Classes' release of claims as stated herein, Defendants shall pay no more than $155,000 to be apportioned as follows:

  a. Up to $107,500 payable to the members of the Wisconsin Unpaid Wage Class and FLSA Collective Class who do not exclude themselves, as set forth in **Exhibit A** of this Agreement.

  b. Up to $1,000 payable to Courtney Coetzee as a Service Payment for her efforts in resolving this matter individually and on behalf of the Final Classes as set forth in **Exhibit A** of this Agreement. Class Counsel will petition the Court for a Service Payment not to exceed $1,000. Defendants agree that they will take no position in favor of or against a requested Service Payment provided it does not exceed $1,000.

  c. $46,500 payable to Hawks Quindel, S.C., as reasonable attorney's fees and costs incurred by the Class Representative in this matter – inclusive of litigation costs and settlement administration costs as approved by the Court. Class Counsel will petition the Court for an award of attorney's fees, costs, and administration-related expenses, not to exceed $46,500. Defendants agree that they will take no position in favor of or against a requested award of attorney's fees, costs, and administration-related expenses, provided the request does not exceed $46,500.

d.  Each member of the Wisconsin Unpaid Wage Class and FLSA Collective Class who does not exclude him/herself as provided under this Agreement shall be entitled to his or her respective portion of the payments as follows. Individual damages shall be calculated for each class member by totaling the number of 30-minute meal periods deducted from their wages during the class period, and multiplying those amounts by their regular and overtime rates. Overtime damages for FLSA Collective Class members shall then be increased by 50% due to the additional liquidated damages available under the FLSA and not available under Wisconsin law. This increase is only applicable to overtime amounts, not unpaid regular wages. Damages for all Class Members, less those who timely exclude themselves, will then be totaled and used to a create a pro-rata percentage for all participating Class Members by dividing their individual damages by the total damages. Individual payments will then be calculated by multiplying the pro-rata percentages by the $107,500 allocated to the Classes.

e.  In the event the Court awards less than the amount requested for the Service Payment or for attorney's fees, costs, and administrative-related expenses, the difference between the amounts requested and the amounts awarded shall be added to the settlement proceeds to be

distributed to the Classes based upon the calculations set forth herein, and further subject to the terms of this Agreement.

f.   Settlement payments to members of the Final Classes shall be in the amounts set forth as an attachment to the parties' Motion for Final Approval.

4.   **SETTLEMENT PAYMENTS**.  Defendants shall pay up to $155,000 in settlement proceeds. Settlement proceeds shall be paid in accordance with Section 3 above. Payments to the Wisconsin Unpaid Wage Class members, who do not exclude themselves, shall be allocated as two-thirds W-2 wages and one-third 1099 non-wage income. Payments made to the FLSA Collective Class members who timely consent to participate in the settlement shall be allocated as one-half W-2 wages and one-half liquidated damages. All W-2 payments shall be less proper withholdings and payroll taxes.

Payments shall be remitted to Hawks Quindel, S.C., Attn: David Zoeller, at 409 E. Main Street, Madison, Wisconsin 53703. Within thirty (30) days following entry of the Order granting final approval of the settlement, Defendants will provide to Class Counsel checks for the following:

a.   Amounts allocated to the Final Wisconsin Unpaid Wage and FLSA Collective Classes as set forth on **Exhibit A** as modified as a result of re-allocations due to:

i.   Reductions by the Court in the amount of requested Service Payment; or

      ii.   Reductions by the Court in the amount of attorney's fees, costs, and administrative expenses requested by Class Counsel.

   b.  The amount approved by the Court for a Service Payment to Courtney Coetzee;

   c.  The amount awarded by the Court for attorney's fees, costs, and administrative expenses.

Class Counsel shall promptly thereafter send, via first-class U.S. mail, settlement checks to all eligible Final Class Members. Class Counsel shall advise counsel for Defendants as to all checks that were returned as non-deliverable and Defendants, through their counsel, shall advise Class Counsel of all checks that were not cashed at the conclusion of the 90-day check-cashing period.  Class Counsel shall advise counsel for Defendants of the date on which settlement checks were mailed to Final Class Members.

If objections to this Agreement have been made by the time of the Fairness Hearing that cause the Effective Date of this Agreement to occur after the due date of any payments set forth in this paragraph, the due date for all such payments under this Agreement shall be within thirty (30) days of the applicable Effective Date as set forth in paragraph 1 above.

5.   **RELEASE OF COMPENSATION CLAIMS FOR FLSA COLLECTIVE CLASS**.  As consideration for this Agreement, and upon the Effective Date, the members of the FLSA Collective Class who have opted in to this matter, including each and every one of their respective present, former, and future agents,

00919348
133552156.1

representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge Defendants as well as their respective predecessors and successors in interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendants performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, which the Class Representative and the FLSA Collective Class now have or ever had against the Releasees pursuant to the FLSA and arising out of Defendants' alleged failure to pay compensation through the date this Agreement is fully executed by the parties.

6.      **RELEASE OF COMPENSATION CLAIMS FOR WISCONSIN UNPAID WAGE CLASS**.  As consideration for this Agreement, and upon the Effective Date, the members of the Wisconsin Unpaid Wage Class who have not excluded themselves from this Agreement as provided herein, representatives, attorneys, heirs, administrators, executors, assigns or any other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge Defendants, as well as their respective predecessors and successors in interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited

partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendants perform services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands pursuant to Wisconsin law, whether based in statutory or common law, and arising out of Defendants' alleged failure to pay compensation through the date this Agreement is fully executed by the parties.

7.  **JOINT MOTION FOR PRELIMINARY APPROVAL**.  The parties will jointly request Preliminary Approval of the settlement set forth in this Agreement no later than **May 6, 2022**. The joint motion will request the following relief in the form of an Order that:

    a.  Preliminarily approves this Settlement Agreement as fair, reasonable, and adequate;

    b.  Certifies, for settlement purposes only, this case as a class action under Fed. R. Civ. P. 23;

    c.  Certifies, for settlement purposes only, the FLSA Collective Class;

    d.  Appoints Courtney Coetzee as Class Representative;

    e.  Appoints Hawks Quindel, S.C., as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

    f.  Approves the Class Notice and Consent Form in the form of **Exhibits B and C** for distribution to all putative members of the **FLSA Collective Class** and **Wisconsin Unpaid Wage Class**;

g.  Finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Wisconsin Unpaid Wage Class and FLSA Collective Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to **FLSA Collective Class** and **Wisconsin Unpaid Wage Class** members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

h.  Directs that each potential **Wisconsin Unpaid Wage Class** member who wishes to be excluded from the Settlement Class must opt out no later than forty-five (45) days after the mailing of the Class Notice per the instructions set forth in the Notice (the "Notice Period"), and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

i.  Directs that any **Wisconsin Unpaid Wage Class** member who has not properly and timely requested exclusion from the **Wisconsin Unpaid Wage Class** shall be bound by this Agreement in the event the Court issues a Final Order Approving Settlement;

j.  Schedules a Fairness Hearing approximately one hundred (100) days after the Court's Preliminary Approval Order to determine whether this Settlement Agreement should be approved as fair, reasonable,

and adequate, and whether the proposed Final Order Approving Settlement should be entered;

k. Directs that Class Counsel shall file a Motion for Approval of Attorney's Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorney's fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

l. Directing that any **Wisconsin Unpaid Wage Class** member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Class Notice no later than forty-five (45) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

The fact that the Court may require non-substantive changes to the parties' proposed Preliminary Approval Order does not invalidate this Agreement. If the Court refuses to grant Preliminary Approval, then this Agreement shall be null and void and the provisions of paragraph 19 will apply.

8. **NOTICE PROCEDURE**.  Notice procedures shall be as follows: Class Counsel will deliver to all Class Members by first-class U.S. mail a copy of the Class Notice (attached as **Exhibit B** to this Agreement), as approved by the Court, setting

forth the settlement terms, exclusion rights under the Wisconsin Unpaid Wage Class settlement, opt-in rights under the FLSA Collective Class settlement, and objection rights of Wisconsin Unpaid Wage Class settlement. Class Counsel shall promptly advise counsel for Defendants of the date on which the Notices were mailed. For any Class Notice which is returned as undeliverable, Class Counsel may perform a single skip trace or other appropriate step to identify proper current addresses for the putative members of the Classes and re-mail the Class Notice to all such Class Members. For Notices which are returned as undeliverable, Defendants, if requested, will provide Social Security numbers for those Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the parties shall be deemed to have satisfied their obligation to provide the applicable Notice to any such putative member of the Classes.

9. **PRODUCTION OF THE CLASS LIST**.  Within seven (7) days of any Order preliminarily approving this settlement and certifying the Wisconsin Unpaid Class and FLSA Collective Class, Defendants will produce a list, in Microsoft Excel format, with the first name, last name, and last known mailing address for all class members.

10. **OPT-IN PROCEDURE FOR FLSA COLLECTIVE CLASS MEMBERS.** Class Counsel shall include a Consent Form (**Exhibit C** to this Agreement) in the Class Notice (**Exhibit B** to this Agreement) sent to the putative class members within fourteen (14) days of the Court's Order preliminarily approving this Agreement. The putative members of the FLSA Collective Class will have forty-five (45) days from the

date of mailing the Notice to return their signed Consent Forms to Class Counsel, as set forth in the Notice, to assert their FLSA claims in this matter and receive their pro-rata share of the Settlement Fund as identified in **Exhibit A**, and thereby waiving their FLSA claims as stated in paragraph 5 of this Agreement. Class Counsel shall file any Consent Forms that it receives postmarked within the Notice Period with the Court via ECF. Any individual who has already filed a Consent Form to assert their FLSA claims in this matter shall be entitled to their pro-rata portions of the FLSA Settlement Fund irrespective of whether they return the Consent Form enclosed with the Class Notice.

11. **OBJECTIONS BY WISCONSIN UNPAID WAGE CLASS MEMBERS**. Any Wisconsin Unpaid Wage Class member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be no later than forty-five (45) days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for Defendants as provided in the Notice.

a. **FORM OF OBJECTIONS**.   Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons who will be called

to testify in support of the objection at the Fairness Hearing; and (e) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Wisconsin Unpaid Wage Class member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

12. **REQUEST FOR EXCLUSION BY WISCONSIN UNPAID WAGE CLASS MEMBERS.** Any Wisconsin Unpaid Wage Class member who wishes to be excluded from the Settlement Class must submit a request for exclusion as set forth in the Class Notice no later than forty-five (45) days after the mailing of the Notice. Class Counsel shall file any exclusion that it receives pursuant to this paragraph with the Court via ECF. Any Wisconsin Unpaid Wage Class member who fails to submit a timely request to be excluded shall receive his or her pro-rata portion of the Wisconsin Unpaid Wage Class settlement and shall therefore be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement and shall be deemed to have released their Wisconsin wage and hour claims.

13.   **NO CLAIMS-MADE PROCESS.**  The settlement payments shall be paid without a claims-made process for the Wisconsin Unpaid Wage Class members who have not opted out and for FLSA Collective Class members who have timely filed an FLSA Consent Form, as set forth in **Exhibit A** to this Agreement, subject to any adjustments described above in paragraph 3. Upon the Court's Final Approval Order, all members of this Wisconsin Unpaid Wage Class that have not excluded themselves from this Agreement as provided herein shall have released their claims as set forth in paragraph 6 above and shall be entitled to their pro-rata portion of the Settlement Fund. Upon the Court's Final Approval of this Agreement, all members of the FLSA Collective Class who have timely submitted a Consent Form, as provided herein, shall have released their claims as set forth in paragraph 5 above and shall be entitled to their pro-rata portions of the Settlement Fund.

14.   **FAIRNESS HEARING**.   On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (a) decide whether to certify the FLSA Collective Class and Wisconsin Unpaid Wage Class; (b) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and (c) decide Class Counsel's Motion for Service Payment and Attorney's Fees and Costs.

15.   **ENTRY OF JUDGMENT**.  If this Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

a. Certifying the Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective Class pursuant to 29 U.S.C. § 216(b);

b. Approving this Agreement as fair, reasonable, and adequate as it applies to the Final Classes;

c. Appointing Courtney Coetzee as Class Representative for the Final Classes;

d. Appointing Hawks Quindel, S.C., as Class Counsel;

e. Declaring this Agreement to be binding on Defendants and the Plaintiff and the Final Classes;

f. Dismissing Case No. 21-cv-337 and the claims asserted in that litigation with prejudice and without further costs to either party;

g. Dismissing with prejudice and without further costs to either party the released claims of the Final Classes;

h. Dismissing without prejudice the claims of the putative Wisconsin Unpaid Wage Class members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement; and

i. Indicating the amount of the Service Payment to the Plaintiff and attorney's fees and costs to be awarded to Class Counsel consistent with the Settlement.

16.   **UNCLAIMED SETTLEMENT FUNDS/REVERSION/CY PRES**.   Any unclaimed settlement funds, whether due to failure to cash a check within ninety (90) days of its issuance ("Expiration Date") or inability to locate a putative member of the Classes or for any other reason, shall be issued to The Economic Justice Institute of the University of Wisconsin Law School and provided to Class Counsel within ninety (90) days of the Expiration Date of the settlement checks issued pursuant to this Agreement. The amounts allocated to the Class Representative as Service Payment, litigation and administrative costs, and attorney's fees shall not be impacted. Defendants' counsel shall provide an accounting of unclaimed funds paid to The Economic Justice Institute of the University of Wisconsin Law School under this paragraph within ten (10) days of making such payment.

17.   **AGREEMENT NULL AND VOID IF NOT APPROVED BY THE COURT**.   If this Agreement fails to be approved, then this Agreement shall be null and void and the lawsuit will continue pursuant to a schedule to be set by the Court with all parties retaining and putative class members retaining all of their claims and defenses that existed at the time of settlement.

18.   **NO ADMISSION OF LAW OR FACT THROUGH THIS AGREEMENT**. In the event this Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

19.   **NO ADMISSION OF LIABILITY OR LACK OF MERIT THROUGH THIS AGREEMENT**.   Neither this Agreement nor any negotiations shall be

construed, offered, received as, or deemed to be evidence of an admission or concession by the Class Representative or the Class of lack of merit, or by Defendants of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise. Defendants specifically deny that the conduct alleged in the Complaint gives rise to any such liability.

20.     **ENTIRE AGREEMENT**.  The parties acknowledge that this Agreement along with all exhibits to this Agreement constitute the entire agreement among the parties, and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect. This Agreement includes all the representations of every kind and nature made by the parties one to the other.

21.     **AMENDMENTS**.  The parties agree that no party shall be deemed to have drafted this Agreement. The parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

22.     **COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. The parties agree that a facsimile, PDF or other electronic signature to this Settlement Agreement and Release shall be treated and deemed as an original signature.

23.     **NO ASSIGNMENT**.  Each person executing this Agreement on behalf of any party hereto hereby warrants and represents that such person has the full

authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

24.    **AGREEMENT TO COOPERATE FOR APPROVAL OF SETTLEMENT**. The parties to this Agreement agree to cooperate in the submission of this Agreement to the Court. As soon as practicable, they will take all necessary steps to secure the District Court's Preliminary Approval of this Agreement. After notice to the Class and an opportunity to object, the parties will take all steps reasonably necessary to secure the District Court's Final Approval of the Agreement and to secure the dismissal of this lawsuit with prejudice, on and subject to the procedures and conditions set forth herein. The parties shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

25.    **WAIVER OF CLAIMS FOR ATTORNEY'S FEES AND COSTS**.   In consideration of this Agreement, Courtney Coetzee hereby waives, discharges, and releases the Releasees, as defined herein, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case, except for the attorney's fees and costs that are awarded by the Court in this case pursuant to the yet-to-be-filed petition for Class Counsel or attorney's fees and costs incurred upon any appeal of the Court's Order finally approving this Agreement.

26.   **CHOICE OF LAW**.   This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues and federal law for federal issues.

***

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

Date: _____   By: _____

Printed Name: Courtney Coetzee

Title: Class Representative

Date: _____   By: _____

Printed Name: _____

Title: _____

On Behalf of Shell Lake Health Care Center LLC

Date: _____   By: _____

Printed Name: _____

Title: _____

On Behalf of Premier Healthcare Management of Shell Lake LLC

REVIEWED AND APPROVED AS TO FORM:

**HAWKS QUINDEL, S.C.**

By: _____

Printed Name: _David C. Zoeller_

Title: _Class Counsel_____

**FOX ROTHSCHILD**

By: _____

Printed Name: _____

Title: _Attorneys for Defendants_____