IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY COETZEE,
on behalf of herself and all
others similarly situated,

                Plaintiff,

v.

SHELL LAKE HEALTH CARE
CENTER LLC and PREMIER
HEALTHCARE MANAGEMENT
OF SHELL LAKE LLC

                Defendants.

OPINION AND ORDER

21-cv-337-wmc

---

On behalf of herself and other similarly situated, putative plaintiffs, Courtney Coetzee brought suit against defendants Shell Lake Health Care Center LLC ("Shell Lake") and Premier Healthcare Management of Shell Lake LLC ("Premier") for violations of the Fair Labor Standards Act ("FLSA"), as well as Wisconsin's wage payment and collection laws, by preventing workers from leaving the premises during their unpaid lunch breaks. (Am. Compl. (dkt. #11) ¶ 1.) The parties have now stipulated to certify a class under Fed. R. Civ. P. 23 and a 29 U.S.C. § 216(b) collective (dkt. #51) and jointly moved for preliminary approval of a settlement agreement. (Dkt. #53.) For the reasons that follow, the court will grant that motion, direct notice to the class and collective, and hold a fairness hearing on May 23, 2023, at 1:00 p.m.[1]

---

[1] Given that the parties have agreed to a settlement, plaintiff's prior motion to certify the class (dkt. #24) and defendants' ensuing request to file a sur-reply (dkt. #40) will be dismissed as moot.

BACKGROUND

Plaintiff seeks to certify the following Rule 23 class for settlement purposes:

> All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility and who were not permitted to leave the premises for unpaid meal breaks and therefore denied regular and/or overtime wages at any time between March 1, 2020 and August 28, 2021.

(Stipulation (dkt. #51) 2.) The parties have also stipulated to the following 216(b) collective for settlement purposes:

> All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility who were not permitted to leave the premises for unpaid meal breaks and therefore denied overtime wages at any time between March 1, 2020 and August 28, 2021.

(*Id.*)

Under the proposed settlement, defendants will pay a total amount of $155,000, which includes any attorney fees and costs. (Mot. to Appr. Sett. (dkt. #53) 3.) "After payment of attorney's fees and Enhancement Payment, provided they are approved, the class [and collective members] will, through the settlement, receive the full value of their unpaid meal periods between March 1, 2020 and August 28, 2021 at their regular and overtime rates." (Zoeller Decl. (dkt. 54) ¶ 12.) FLSA collective members will be given the opportunity to opt in, while Rule 23 class members will automatically receive funds unless they exclude themselves. (*Id.*) Funds from Rule 23 class members who exclude themselves will be redistributed to participating class members, and any unclaimed funds will be paid to University of Wisconsin Law School's Economic Justice Institute. (*Id.*)

2

OPINION

**I. Class Certification**

Certification of a class is only appropriate following a rigorous analysis concerning whether the proposed class satisfies Federal Rule of Civil Procedure 23. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015). Plaintiff has the burden to show that a class should be certified. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). This analysis encompasses a two-part test: (a) whether the proposed class meets all four prerequisites of Rule 23(a) to establish the class; and (b) whether the class can be maintained under one of the subsections of Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The court will address the Rule 23(a) prerequisites before considering Rule 23(b)(3).

**A. Rule 23(a) Prerequisites**

The prerequisites under Rule 23(a) -- numerosity, commonality, typicality and adequacy of representation -- determine whether a class may be established. Fed. R. Civ. P. 23(a). First, a class must be so numerous that it is reasonable to believe that joinder would be impracticable. *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 492 (7th Cir. 2014). The Seventh Circuit has previously concluded that a forty-member class may be sufficient to satisfy the numerosity prerequisite. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). Based on information provided by defendants, the putative class consists of 96 employees. (Mot. to

Appr. Sett. (dkt. #53) 12.) Heeding the Seventh Circuit's guidance, therefore, the court agrees that individually joining members of a class this size would be impractical.

Second, a class must have questions of law or fact in common. Fed. R. Civ. P. 23(a)(2). A class must not only suffer violation of the same law, but have a common injury whose resolution is "central to the validity of each one of the claims in one stroke." *Lacy v. Cook Cty., Ill.*, 897 F.3d 847, 865 (7th Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here, the class members' claims arise from defendants' alleged practice of requiring employees to stay on work premises during unpaid lunch breaks. (Mot. to Appr. Sett. (dkt. #53) 13.) More specifically, plaintiff identifies common questions among class members as: (1) "whether Defendants maintained a common practice and policy of unlawfully requiring employees to remain onsite during unpaid meal periods"; (2) "whether Defendants' failure to pay wages for this time constitutes a willful violation of the FLSA"; and (3) "what penalties Plaintiff and the putative class are entitled." (*Id.*) Under Wisconsin law, a meal period where the employee is not allowed to leave the premises is an "on-duty" meal period, which must be compensated. Wis. Admin. Code § DWD 272.04(1)(c). Given that the meal break policy was allegedly uniformly enforced, there appears to be a common injury between all class members. Thus, the court agrees that the putative class members share common questions of fact, injuries and related questions of law.

Third, "typicality" requires that the proposed class representative's claims be typical of the proposed class as a whole, such that her claims arise from the same event or course of conduct giving rise to the claims of other class members. Fed. R. Civ. P. 23(a)(3); *Lacy*,

4

897 F.3d at 866 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). In this way, typicality ensures that a plaintiff litigating her own self-interest will also advance the interests of the class. *Lacy*, 897 F.3d at 866. This requirement is satisfied here as well, since each class member's claim arises from defendants' alleged meal policy, as does named plaintiff Coetzee's claim. Accordingly, Coetzee's pursuit of her claim would advance the interests of the entire class.

Fourth, "adequacy" requires the putative class representative and class counsel to protect the interests of the proposed class fairly and adequately. Fed. R. Civ. P. 23(a)(4). A class representative is not adequate if her interests conflict with those of other class members. *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). As already addressed, Coetzee is adequate to represent the proposed class because she has the same interest as the other class members to be compensated for all of her hours worked. Nor does there appear to be any major differences between class members, other than their number of meal periods and whether they worked overtime, all of which were accounted for in the settlement calculations. With each class member getting their full due, the court does not have to worry that some class members would be disadvantaged with Coetzee as class representative. As to counsel's adequacy, plaintiff's counsel Hawks Quindel, S.C. has been appointed class counsel in many other wage and hour class actions, including actions in front of this court. (Mot. to Appr. Sett. (dkt. #53) 15.) Given counsel's breadth of experience in similar cases, the court is also persuaded that it will serve as adequate class counsel.

## B. Rule 23(b)(3) Requirements

Since all the Rule 23(a) prerequisites are met, the court turns to the superiority and predominance requirements under Rule 23(b)(3). These requirements determine whether an established class may be maintained. Fed. R. Civ. P. 23(b). Under Rule 23(b)(3) in particular, certification requires the class have "questions of law or fact common to class members [that] predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Relevant considerations include: class members' interest in individually litigating their claims; the extent and nature of class members' preexisting litigation regarding the controversy; the desirability of concentrating the litigation in a particular forum; and the difficulties of managing a class action. *Id.*

The presence of individual questions does not prevent a common issue from predominating unless those individual questions overwhelm the questions common to the class. *Bell*, 800 F.3d at 378–79; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013). Predominance exists where a class representative's general allegations and common evidence establishes a *prima facie* case for the class. *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060 (7th Cir. 2016) (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).

In this suit, all putative class members are challenging a uniform policy requiring employees to stay on premises during unpaid meals. *See Blihovde v. St. Croix Cnty., Wis.*, 219 F.R.D. 607, 620 (W.D. Wis. 2003) ("the case law suggests that when the class is challenging a uniform policy, the validity of that policy predominates over individual issues

6

and class certification is appropriate.") Even if each employee had some individualized claims, it is "clear that individualized monetary claims belong in Rule 23(b)(3)," making a class action the proper vehicle for relief. *Wal-Mart v. Dukes*, 131 S.Ct. 2541, 2558 (2011). Here, though, that wrinkle is absent, as the only real difference between class members is the number of meal periods they worked and whether those meals counted as overtime. As part of the settlement, "plaintiff was able to calculate the total number of deducted meal periods for each class member during the period . . . [and] calculated damages for each class member by multiplying each unpaid meal period by the individual's regular rate for hours under 40 and overtime rate for hours over 40," obviating the court's concerns about different damage amounts. (Mot. to Appr. Sett. (dkt. #53) 2.) Accordingly, the court finds that the common issues of fact and law associated with these claims predominate over any individual issues.

The final requirement is that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). This requirement is intended to ensure that a class action is the preferred method to "achieve economies of time, effort, and expense, and promote uniform decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). The putative class members here all claim the same injury, which would be largely proven by the same evidence. Therefore, a single proceeding to determine whether defendants engaged in a pattern of undercompensation is far superior to duplicative, individual adjudication of each

class member's claim. Indeed, given that the average claim for a participating class member is $1,119.79 and typical costs of litigation, class members would be unlikely to bring claims individually at all. (Mot. to Appr. Sett. (dkt. #53) 6.)

Since the Rule 23(a) and Rule 23(b)(3) requirements are readily satisfied, class certification will be granted, and plaintiff Courtney Coetzee and Hawks Quindel, S.C. will be appointed as class representative and class counsel, respectively.

## II. FLSA Collective

In *Austin v. Cuna Mut. Ins. Soc'y,* 232 F.R.D. 601 (W.D. Wis. 2006), this court adopted a two-step process for certification of a collective action under the FLSA. At the initial, conditional step, the plaintiff need only make "a modest factual showing" that: (1) he is similarly situated to potential class members; and (2) both he and the potential collective members were "victims of a common policy or plan that violated the law." *Id*. at 605. Given the court's findings regarding common questions of law and fact and Coetzee's typicality, plaintiff has made a successful factual showing in this case. The court will conditionally certify the proposed FLSA collective because of plaintiff's similarity to potential members of the collective and the fact that plaintiff has some chance of successfully showing she and other members of the proposed collective were injured by defendants' policy of denying overtime payments to employees kept on premises during meals.

**III. Preliminary Settlement Approval**

Settlement approval begins with a preliminary determination that the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Following preliminary approval, the second step is a fairness hearing to give class members an opportunity to be heard. *Id.*

A district court may approve a settlement that is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). Considerations for court approval include: the strength of the plaintiffs' case compared to the settlement offer; the complexity, length, and expense of further litigation; any opposition to the settlement; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

The first and primary concern is the strength of the plaintiffs' case as compared to the proposed settlement. *Kaufman v. Am. Express Travel Related Servs.*, 877 F.3d 276, 284 (7th Cir. 2017). This factor does not instruct district courts to resolve the merits of the controversy, but instead to establish whether the settlement "reasonably reflects the relative merits of the case." *Id.* at 285. The parties agree that they have real legal and factual disputes that make taking this case to trial a risk for both sides. (Mot. to Appr. Sett. (dkt. #53) 5.) For instance, defendants dispute whether class certification is even appropriate and only stipulates to certification for settlement purposes. (*Id.*) Defendants also maintain that no policy requiring employees to stay on premises during mealtimes existed. (*Id.* at 6.) As a result, settlement allows for class recovery without the risks of

9

further litigation and expenses to both parties. Settlement is of particular advantage to the putative class members here because, despite defendants' denial of any policy, class members will receive the *full* amount for which they could recover at the end of a successful lawsuit, including possible appeals.

Of course, the court will also consider specific opposition to or request for exclusion from this proposed class settlement once class members have been notified of the proposed settlement.[2] The proposed notice to class members outlines how class members can object or be excluded from the settlement. Because the process for class members to oppose the settlement awaits, this factor does not currently weigh for or against preliminary approval of the settlement.

Finally, the settlement was reached through arm's-length negotiation. Therefore, the competency of class counsel and stage of these proceedings favor preliminarily approving the proposed settlement, subject to concerns about compensation to class counsel addressed below. Because the preliminary factors overall suggest that the parties' proposal is fair, reasonable and adequate, the court will preliminarily approve the proposed class action settlement and authorize the mailing of notice as detailed below.

**IV. Incentive Award and Attorneys' Fees**

The court next addresses the validity of the named plaintiff's incentive award and counsel's request for attorneys' fees. The settlement provides named plaintiff Courtney

---

[2] On occasion, and generally at final settlement approval, the Seventh Circuit has also considered the reaction of members of the class to the proposed settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

Coetzee with a $1000 incentive award. (Settlement Agreement (dkt. #52) 5.) Such an incentive award is generally justified as a form of compensation for the extra work a named plaintiff performs in class action lawsuits. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 410 (7th Cir. 2000). Generally, the appropriate amount of an incentive award depends on "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 834 (7th Cir. 2018) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). This proposed award in particular appears reasonable, as the court has approved the same and larger incentive awards for similar lawsuits. *See Clements v. WP Operations, LLC*, No. 19-CV-1051-WMC, 2022 WL 4078151, at *5 (W.D. Wis. Sept. 6, 2022) (approving a $5000 incentive award for the named plaintiff in similar factual circumstances.)

As to attorneys' fees, class counsel will request 30% of the Settlement Fund in a separate fee petition, which would result in a total fee award of $46,500. (Mot. to Appr. Sett. (dkt. #53) 10.) In determining appropriate attorneys' fees, courts have discretion to use either the lodestar method or percentage method. *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014). While the court does not yet have class counsel's fee petition and accompanying documentation, the general request for 30% of the settlement fund also appears reasonable, especially when the class members are purportedly recovering the full value of their damages. *See In re Sw. Airlines Voucher Litig.*,

799 F.3d 701, 712 (7th Cir. 2015) (allowing a fee award greater than the class settlement fund where class members fully recovered all damages.)

The court will direct the parties to issue notice given that this settlement was reached through arm's length negotiations, and will nevertheless further scrutinize class counsel's application for attorneys' fees before final approval. In particular, plaintiffs' counsel should submit their hourly billing records and rates in their fee request.

## V. Proposed Notice

Finally, as noted above, the court will authorize class counsel to send notice to members of the class. Notice to all members of a Rule 23(b)(3) certified class must include: (1) the nature of the action; (2) a definition of the certified class; (3) the class claims, issues, or defenses; (4) the option for class members to appear through counsel; (5) the option for class members to be excluded; (6) the time and manner to request exclusion; and (7) the effect of a class judgment on the members. Fed. R. Civ. P. 23(b)(2)(B). Here, the proposed notice provides class and collective members with information regarding the nature and claims of the action, a definition of the classes and collective, options to appear through counsel, and the availability and process for exclusion or objection. Furthermore, the notice details the option for class members to be excluded and the effect on members of a class judgment, as well as the opportunity to opt in to the collective recovery under § 216(b). The notice is sufficient as written and may be sent to class members as outlined below.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to certify the class (dkt. #24) and defendants' request to file a sur-reply (dkt. #40) are DISMISSED AS MOOT.

2) The parties' joint motion for preliminary approval of settlement agreement (dkt. #50) is GRANTED.

3) The court CERTIFIES the following Rule 23 classes for settlement purposes:

> All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility and who were not permitted to leave the premises for unpaid meal breaks and therefore denied regular and/or overtime wages at any time between March 1, 2020 and August 28, 2021.

4) The court CERTIFIES the following FLSA collectives for settlement purposes:

> All persons who have been or are currently employed by Shell Lake Health Care Center LLC and/or Premier Healthcare Management of Shell Lake LLC in the Shell Lake, Wisconsin facility who were not permitted to leave the premises for unpaid meal breaks and therefore denied overtime wages at any time between March 1, 2020 and August 28, 2021.

5) This case is conditionally certified as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act for purposes of discovery and sending notice to the putative plaintiffs as defined above;

6) Plaintiff Courtney Coetzee is APPOINTED class representative and Hawks Quindel, S.C. is APPOINTED as class counsel.

7) The proposed notice attached as Exhibit B to the Settlement Agreement (dkt. #52-2) is APPROVED and class counsel is AUTHORIZED to distribute it as provided in the parties' submissions.

8) The court approves the following settlement procedure and timeline:

   a. no later than March 7, 2023, the Settlement Administrator shall begin mailing the notice to class members consistent with the opinion above;

    b. class members shall have until 45 days after mailing of notice to submit a request to be excluded or any objections;

    c. no later than May 2, 2023, class counsel shall file a petition for attorneys' fees and costs;

    d. no later than May 9, 2023, class counsel shall provide the list of excluded class members to defendants' counsel;

    e. a motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition are due on or before May 16, 2023; and

    f. the court will hold a fairness hearing on May 23, 2023, at 1:00 p.m.

Entered this 31st day of January, 2023.

                            BY THE COURT:

                            /s/

                            _____

                            WILLIAM M. CONLEY
                            District Judge